UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMILE MATTHEWS (#431418)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 10-206-JJB-DLD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on February 13, 2012.

                                         **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMILE MATTHEWS (#431418)

VERSUS                                                    CIVIL ACTION

N. BURL CAIN, ET AL                                       NUMBER 10-206-JJB-DLD

## MAGISTRATE JUDGE'S REPORT

Before the court is the application of petitioner Emile Matthews for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### State Court Procedural History

Petitioner was found guilty of one count second degree murder in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on October 19, 2001. Petitioner was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.

Petitioner did not appeal. On April 23, 2002, the petitioner filed a motion for out-of-time appeal which was granted on May 1, 2002. The Louisiana Appellate Project was appointed to represent the petitioner on appeal.

On direct appeal the petitioner, through counsel, asserted that there were no non-frivolous issues for appeal.

The First Circuit Court of Appeal affirmed the petitioner's conviction and

sentence. *State of Louisiana v. Emile Matthews*, 2002-1260 (La. App. 1st Cir. 2/14/03), 838 So.2d 939 (Table). Petitioner sought supervisory review by the Louisiana Supreme Court. The Louisiana Supreme Court denied review. *State of Louisiana v. Emile Matthews*, 2003-0884 (La. 11/7/03), 857 So.2d 515.

Petitioner signed his application for post-conviction relief (PCRA) on October 13, 2004, and it was filed in the trial court on October 27, 2004. On April 7, 2005, the Commissioner ordered the petitioner within 30 days to file a new memorandum not to exceed 20 pages. On October 23, 2006, the petitioner filed a conforming memorandum in support of his PCRA. The trial court denied the PCRA on September 16, 2008.

Petitioner sought supervisory review in the Louisiana First Circuit Court of Appeal. On February 9, 2009, the Louisiana First Circuit Court of Appeal granted the writ in part and denied the writ in part. Specifically, the court vacated the trial court's ruling as to the petitioner's *Brady* claim and in all other respects the writ application was denied. *State of Louisiana v. Emile Matthews*, 2008-2163 (La. App. 1st Cir. 2/2/09) (unpublished opinion).

The State sought review by the Louisiana Supreme Court. In an en banc decision, the State's writ was granted on December 18, 2009. *State of Louisiana v. Emile Matthews*, 2009-0493 (La. 12/18/09), 23 So.3d 898.

## II. Federal Habeas Corpus Application

Petitioner signed his federal habeas corpus application on March 22, 2010,

and it was filed on March 26, 2010.

Petitioner raised a single ground for relief: the prosecutor withheld *Brady* material.

No evidentiary hearing is required. Petitioner has exhausted his state court remedies.

## Applicable Law and Analysis

Section 2254(d) provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) provides as follows:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of § 2254 applies to a state court's factual determination. It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." Subsection (d)(1) provides the standard of review for questions of

law and mixed questions of law and fact.  *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law."  When the issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case.  The first clause of subsection (d)(1) refers to questions of law.  When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court."  *Id.*

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  *Cullen v. Pinholster*, __ U.S. __, 131 S.Ct. 1388, 1399, 179 L.Ed.2d 557 (2011); *McCamey v. Epps*, 658 F.3d 491, 497 (5th Cir. 2011).  Review under § 2254(d)(1) focuses on what a state court knew and did.  *Cullen v. Pinholster*, 131 S.Ct. at 1399.  "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review.  If a claim has been adjudicated on the merits by a state court, a federal habeas corpus petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court."  *Id.*, at 1400.  State court decisions are measured against the Supreme Court's precedents

as of "the time the state court renders its decisions."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S.Ct. 1166 (2003).

To determine whether a particular decision is "contrary to" then-established law, a federal court must consider whether the decision "applies a rule that contradict [such] law" and how the decision "confronts [the] set of facts" that were before the state court.  *Williams v. Taylor*, 529 U.S. 362, 405, 406, 120 S.Ct. 1495 (2000). If the state court decision "identifies the correct governing legal principle" in existence at the time, a federal court must assess whether the decision "unreasonably applies that principle to the facts of the prisoner's case."  *Id.*, at 413, 120 S.Ct. 1495.

## *Brady* Violation

Petitioner argued that during discovery the State failed to produce taped statements of Shingo Edwards, information regarding Edwards' whereabouts after charges against him were dropped and information regarding Edwards' status as an undercover confidential informant.

The prosecution's suppression of material evidence favorable to the accused violates due process regardless of whether or not the prosecution acted in good faith or bad faith in failing to make a timely disclosure of the evidence.  *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196 (1963); *Jones v. Butler*, 864 F.2d 348, 354 (5th Cir. 1988), *cert. denied*, 490 U.S. 1075, 109 S.Ct. 2090 (1989).  To be entitled to federal habeas corpus relief, the petitioner must show: (1) the prosecution suppressed evidence, (2) the suppressed evidence was "favorable to the accused,"

5

and (3) the evidence was "material" either to guilt or punishment. *Brogdon v. Butler*, 790 F.2d 1164, 1167 (5th Cir. 1986), *cert. denied*, 481 U.S. 1042, 107 S.Ct. 3245 (1987). Evidence that is "favorable to the accused" includes evidence that tends directly to exculpate the accused as well as evidence that impeaches the testimony of a witness where the reliability or credibility of that witness may be determinative of guilt or innocence. *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763 (1972); *Porretto v. Stalder*, 834 F.2d 461, 464 (5th Cir. 1987). The touchstone of materiality is a "reasonable probability" of a different result. *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 1566 (1995). "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Id*.

> The Louisiana Supreme Court made the following factual findings:
>
> In light of the fact that the Relator's own statement revealed that he participated in the robbery in which the victim was shot and killed, the State's statement could not satisfy the materiality standard of *Kyles v. Whitley,* 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), because it would not absolve Relator of the crime of which he was convicted.

*State of Louisiana v. Emile Matthews*, 2009-0493 (La. 12/18/09), 23 So.3d 898.

Baton Rouge City Police Officer Robert Schilling testified that on August 11, 1999, he was a homicide detective who was dispatched to 2747 Huron Street

relative to a life threatening shooting.[1] Officer Schilling testified that he attended the autopsy of the victim which revealed that the victim had been shot numerous times along the left side of his body.[2] Officer Schilling testified that the petitioner's fingerprints matched fingerprints lifted from the victim's vehicle.[3] Officer Schilling testified that an eye witness identified the petitioner in a photographic lineup as the person she observed standing near the driver side of the victim's vehicle and who she observed pulling the victim from the vehicle.[4] Officer Schilling testified that the petitioner was arrested and advised of his *Miranda* rights.[5] Officer Schilling testified that the petitioner offered an oral statement in which he implicated himself and two others in the armed robbery of the victim and admitted to being present when one of the other individuals shot and killed the victim.[6] Officer Schilling testified that the petitioner later gave a taped statement which was admitted into evidence.[7]

Petitioner has not carried his burden to rebut the presumption of the correctness of the appellate court's factual findings by clear and convincing evidence, as he is required to do by section 2254(e)(1).

---

[1] State Court Record, Vol. 2, p. 461.

[2] *Id.* at 463.

[3] *Id.* at 467.

[4] *Id.* at 469.

[5] *Id.* at 470.

[6] *Id.* at 472.

[7] *Id.* at 477-478.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petition of Emile Matthews for habeas corpus relief be denied.

Signed in Baton Rouge, Louisiana, on February 13, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**