**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EMILE MATTHEWS (#431418)** | **CIVIL ACTION** |
| **VERSUS** | |
| **N. BURL CAIN, ET AL.** | **NO. 10-0206-JJB-DLD** |

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on October 15, 2012.

                              **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**EMILE MATTHEWS (#431418)**                                            CIVIL ACTION

**VERSUS**

**N. BURL CAIN, ET AL.**                                                NO. 10-0206-JJB-DLD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on remand from the United States Court of Appeals for the Fifth Circuit. In the Order of Remand, rec.doc.no. 28, the appellate court directs this Court to make a final appealable determination regarding whether the petitioner timely filed his Notice of Appeal in this case. Specifically, the appellate court concluded that, "the final day for filing a timely Notice of Appeal was April 9, 2012," and the petitioner was required to have deposited his Notice of Appeal into the prison's internal mail system on or before that date in accordance with Fed.R.App.P. 4(a)(1)(A) and 4(c).

Pursuant to the Fifth Circuit's directive, this Court entered an Order on September 11, 2012, rec.doc.no. 29, directing the petitioner to appear, in writing, under penalty of perjury, and inform the Court whether he placed his Notice of Appeal into the prison's internal mail system on or before April 9, 2012. In addition, the Court directed the petitioner to provide the Court with copies of any and all documentary evidence in his possession or obtainable from prison officials which would corroborate or support his assertions in this regard. The petitioner has now responded to the Court's directive. See rec.doc.no. 31.

In his response, the petitioner effectively asserts that he placed his Notice of Appeal into the prison's internal mail system on April 16, 2012, which date he believed to be "the thirty (30) day deadline [he] had to meet." This belief was apparently based upon his erroneous conclusion that he had thirty days from receipt of the Order of Dismissal, not thirty days from the entry thereof,

within which to file his Notice of Appeal.  Notwithstanding, the law is clear that a Notice of Appeal must be filed "within 30 days after entry of the judgment or order appealed from."  See Fed.R.App.P. 4(a)(1)(A).  Further, pursuant to Fed.R.App.P. 4(c), an incarcerated inmate is allowed to file his Notice of Appeal by placing it into the prison's internal mail system on or before the last date for filing.  Thus, inasmuch as the Order of Dismissal in this case was entered on March 9, 2012, the plaintiff had until April 9, 2012, to submit his Notice of Appeal to prison officials for mailing.[1]  By his own admission, the plaintiff did not do so until April 16, 2012.  Accordingly, the Court concludes that the petitioner has not shown that he placed his Notice of Appeal into the prison's internal mail system on or before the final day upon which the filing of that pleading would have been timely, i.e., on or before April 9, 2012.[2]

## RECOMMENDATION

It is recommended that this Court certify to the United States Court of Appeals for the Fifth Circuit that the petitioner failed to place his Notice of Appeal into the prison's internal mail system on or before April 9, 2012.

Signed in Baton Rouge, Louisiana, on October 15, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] Inasmuch as the thirtieth day after March 9, 2012, fell on a Sunday, the petitioner had until the thirty-first day, or until April 9, 2012, within which to file his Notice of Appeal by placing it into the institution's internal mail system.  See Fed.R.App.P. 26(a)(1)(C).

[2] Although the petitioner requests additional time within which to obtain supporting documentation, he provides no information as to what such documentation might show and, in any event, it appears that he only seeks documentation to corroborate his assertion that he placed his Notice of Appeal into the prison's internal mail system on April 16, 2012, which date this Court has determined to be outside the allowable time period.